UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-20471 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| LATRON R. BELL, | |
| Defendant. | |
| _____ / | |

**ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE AND VACATING SENTENCE (ECF Nos. 34, 42, 44, 46)**

Before the court are four motions by Defendant Latron Bell ("Bell"), seeking relief related to his sentence – either to reduce it under new sentencing guidelines (ECF Nos. 34, 44), or to vacate his sentence as unconstitutional (42, 46). All are without merit, and the motions are denied for the reasons explained in more detail below.

*Motion for Retroactive Sentence Reduction under* Amendment 821 (ECF No. 34). Bell first moves for a sentence reduction/resentencing under the retroactive change to the sentencing guidelines in 18 U.S.C. § 3582(c)(2), USSG §1B1.10, Amendment 821, Part A, which became effective November 1, 2023. *See* ECF No. 34, PageID.239. However, Bell was sentenced on April 17, 2024 (ECF No. 27), when the amended

1

Guidelines were already effective. Because there would therefore be no change to Bell's sentence under that provision, he is not eligible for modification of his sentence under Amendment 821, Part A, and his motion at ECF No. 34 is denied.

*Motion for Retroactive Sentence Reduction under* Amendment 829 (ECF No. 44). Next, Bell moves for retroactive modification of his sentence under Amendment 829 to the US Sentencing Guidelines. ECF No. 44, PageID.259. Unlike above, Amendment 829 became effective after Bell was sentenced, on November 1, 2024, and "made several revisions to U.S.S.G. § 5H1.1, addressing how the age of an offender may be considered at sentencing." *United States v. Edwards*, No. 1:21-cr-126-3, 2025 U.S. Dist. LEXIS 62917, at *5-6 (N.D. Ohio Apr. 2, 2025). "However, Amendment 829 was not made retroactive by the Sentencing Commission. Section 1B1.10(d) of the United States Sentencing Guidelines identifies the amendments subject to retroactive application. Amendment 829 is not listed among the amendments given retroactive effect, and it cannot, therefore, support a reduction in . . . sentence." *Id.* (citing U.S.S.G. § 1B1.10(d), *United States v. Hackett*, No. 4:11-cr-101, 2025 U.S. Dist. LEXIS 19334, 2025 WL 388919, at *1

2

(N.D. Ohio Feb. 4, 2025)). Amendment 829 does not have retroactive effect, and Bell's motion at ECF No. 44 is denied.

*Motions to Vacate Sentence under* 28 U.S.C. § 2255 (ECF Nos. 42, 46). Finally, Bell moves to vacate his sentence under 28 U.S.C. § 2255, claiming that his conviction under 18 U.S.C. § 922(g)(1), commonly referred to as the federal "felon in possession" law, was unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 144 S. Ct. 1889 (2024). ECF No. 42, PageID.255; ECF No. 46, PageID.263. His motions at ECF Nos. 42 and 46 make the same substantive point, and the court treats them as equivalent.

Bell pleaded guilty to one count of felon in possession. ECF No. 21 (Rule 11 agreement). In his plea agreement, Bell waived any claims brought by collateral review under 28 U.S.C. § 2255, except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims. ECF No. 21, PageID.56. On direct appeal, the Sixth Circuit upheld the validity of his equivalent appeal waiver, and those findings are binding here. *See* ECF No. 39; *United States v. Bell*, No. 24-1361, 2024 U.S. App. LEXIS 32951, at *3 (6th Cir. Dec. 30, 2024). Like his

3

appeal waiver, at the change-of-plea hearing, government counsel read the collateral review waiver.  The court confirmed that Bell understood it.  Nothing in the record suggests that Bell's assent to the collateral review waiver provision was unknowing or involuntary.  ECF No. 31, PageID.219-221 (transcript of plea hearing); *see Bell*, 2024 U.S. App. LEXIS 32951 at *3.  Bell thus waived his present constitutional challenge to § 922(g)(1) by pleading guilty without preserving the issue for collateral review.

In any event, the Sixth Circuit's order on direct appeal found that § 922(g)(1) was constitutional as-applied to Bell and forecloses his argument: "Bell's extensive criminal history, which includes convictions for domestic violence, drug use and possession, interference with a police officer, unarmed robbery, and possession of a firearm by a felon, demonstrates that he is dangerous." *Bell*, 2024 U.S. App. LEXIS 32951 at *7 (citing *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024)).  Bell did not make any other claims in his § 2255 motions, and they are both therefore denied.

*Certificate of Appealability.*  Under 28 U.S.C. § 2253(c)(1)(B), the court must determine whether a certificate of appealability should be

4

granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Here, Defendant's arguments regarding § 922(g)(1) are foreclosed by his guilty plea and the Sixth Circuit's order on his appeal, and no reasonable jurist would decide the matter differently. *See Reynolds v. United States*, No. 2:16-CR-20732, 2024 WL 4906062, at *11 (E.D. Mich. Nov. 27, 2024). The court will deny Defendant a certificate of appealability.

In summary: because Defendant has not brought any arguable issue forward under § 2255, Defendant's motions at ECF No. 42 and 46 are **DENIED**, and because he is not entitled to resentencing under the

5

guidelines he cites, his motions at ECF No. 34 and 44 are also **DENIED**.

A separate judgment will follow as to the motions at ECF No. 42 and 46. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings). A certificate of appealability shall not issue.

**SO ORDERED**.

Date: June 9, 2025             s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge